IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


BZ ZELLER,                                          Civ. No. 05-6153-AA

          Plaintiff,                                OPINION AND ORDER

     v.

CITY OF WINSTON; TERRY ROACH;
SCOTT GUGEL; BRANDON SARTI;
JAMIE GREER; and RALPH STIFFLER;
DOES 1-5,

          Defendants.

─────────────────────────────────

Aiken, Judge:

     Plaintiff, appearing *pro se*, filed suit alleging claims under

42 U.S.C. § 1983 and state law claims of malicious prosecution and

false arrest.   Essentially, plaintiff alleges that defendants

falsely and fraudulently accused him of crimes that resulted in his

arrest and prosecution.   Defendant Terry Roach moves to dismiss

plaintiff's claims on grounds of failure to name the proper

defendant, statute of limitations, and failure to state a claim.

Roach's motion is granted, in part.

Plaintiff's claims arise from events occurring on May 24 and June 27, 2003. Specifically, plaintiff alleges that on May 24, 2003, he approached the home of Amber Rice, his girlfriend's sister, to locate Heather Rice, his girlfriend, and their young daughter. Plaintiff alleges that as Amber Rice opened the door, Roach - a reserve officer with the City of Winston Police Department - stood behind Amber Rice with his gun drawn and pointed it at plaintiff. Plaintiff alleges that after he asked to take his daughter home, Roach called defendant Brandon Sarti, an officer with the City of Winston Police Department, and falsely accused plaintiff of committing a crime. Sarti and defendant Ralph Stiffler, also an officer with the City of Winston Police Department, arrived and charged plaintiff with Criminal Trespass II. Plaintiff was detained at the Douglas County Jail.

Plaintiff alleges that he was subsequently prosecuted based on false and fraudulent police reports prepared by Roach and Sarti. On November 4, 2003, the criminal trespass charge against plaintiff was dismissed.

Plaintiff also alleges that on June 27, 2003, he called Heather Rice to speak to his daughter. Apparently, a restraining order had been issued against plaintiff, but plaintiff alleges that it did not prohibit him from contacting Heather Rice in order to speak with his daughter.

Plaintiff alleges that Roach later asked Heather Rice whether plaintiff had contacted her. Plaintiff alleges that after Heather Rice informed Roach of plaintiff's phone call, Roach contacted defendant Scott Gugel of the City of Winston Police Department and falsely reported that plaintiff had violated the restraining order. Plaintiff alleges that defendants Gugel and Sarti questioned Heather Rice about the phone call, and that she informed them such contact was not prohibited by the restraining order. Nevertheless, plaintiff alleges that Gugel and Sarti located and arrested plaintiff for violating the restraining order.

On July 21, 2003, plaintiff alleges that he was arraigned on a contempt charge, but that the court declined to issue a contempt order based on the alleged restraining order violation.

On May 19, 2005, plaintiff filed this action. Roach was not served with plaintiff's Complaint until September 29, 2005.

## DISCUSSION

Plaintiff asserts federal and state law claims for false arrest and malicious prosecution against Roach and other individual defendants. Plaintiff maintains that the actions of Roach, Sarti, Stiffler, and Gugel violated his rights under the Fourth and Fourteenth Amendments and state law, because they falsely arrested him without probable cause and further instituted criminal proceedings against him through their false and fraudulent statements and police reports.

Although Roach seeks dismissal of plaintiff's claims on several grounds, plaintiff did not respond to Roach's motion. I am not inclined to dismiss plaintiff's claims on this ground alone, but plaintiff is advised that he must respond to a motion filed by the opposing party within eleven days. L.R. 7.1(g)(1).

Roach first argues that plaintiff's state law claims against him must be dismissed, because he is not the proper defendant with respect to those claims. I agree.

Plaintiff alleges that Roach "at all relevant times acted under color of law, as an agent and/or employee of the [City of Winston Police Department], and within the course and scope of said agency and/or employment." Complaint, p. 3. Roach admits these allegations. Under Oregon law, "[t]he sole cause of action for any tort of officers, employees or agents of a public body acting within the scope of their employment or duties . . . shall be an action against the public body only." Or. Rev. Stat. § 30.265(1). Further, if a tort action is filed against a public employee, "on appropriate motion, the public body shall be substituted as the only defendant." Id. Accordingly, the City of Winston, rather than Roach, is the proper defendant with respect to plaintiff's state law claims for false arrest and malicious prosecution.

Second, Roach argues that plaintiff's federal claim for false arrest asserted under 42 U.S.C. § 1983 is time-barred, because plaintiff did not commence this action within the required

limitations period.[1]  Oregon's two-year statute of limitations for personal injury actions applies to claims brought under § 1983. See Sain v. City of Bend, 309 F.3d 1134, 1139 (9th Cir. 2002). Thus, plaintiff was required to file suit within two years after his § 1983 claims "accrued" – i.e, after plaintiff knew or had reason to know of the injury caused by Roach's actions.  Cabrera v. City of Huntington Park, 159 F.3d 374, 379 (9th Cir. 1998).

Construing plaintiff's § 1983 false arrest and malicious prosecution claims liberally, plaintiff alleges that Roach violated his Fourth Amendment rights by:  1) seizing plaintiff without probable cause by pointing his gun at plaintiff on May 24, 2003; 2) arresting plaintiff for Criminal Trespass II without probable cause on May 24, 2003; and 3) instigating criminal proceedings through false and fraudulent statements and police reports on May 24 and June 27, 2003.[2]

---

[1]Roach also argues that plaintiff's state law claims against him are time-barred, because plaintiff did not serve Roach within 60 days after filing the Complaint.  Therefore, under Oregon law, plaintiffs' state law claims did not "commence" until Roach was served on September 29, 2005.  See Or. Rev. Stat. § 12.020(2). However, given that Roach is not the proper defendant, I find this argument moot.

[2]Plaintiff also alleges that Roach's actions violated his rights to due process under the Fourteenth Amendment.  However, claims of malicious prosecution and false arrest are not cognizable as substantive due process violations; rather the plaintiff must allege the denial of equal protection or another specific constitutional right.  Awabdy v. City of Adelanto, 368 F.3d 1062, 1066 (9th Cir. 2004); see also Albright v. Oliver, 510 U.S. 266, 271 & n.4, 272-73 (1984).  In this case, the right identified by plaintiff is protected by the Fourth Amendment.

Generally, a Fourth Amendment claim alleging unlawful seizure accrues at the time of the alleged constitutional violation, in this case, on May 24 and June 27, 2003. However, if the claim calls into question the lawfulness of a charge or conviction, the claim does not accrue until the charges are dismissed or the conviction has been reversed on direct appeal. Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). "Heck applies only to those claims that would necessarily imply the invalidity of any conviction that might have resulted from prosecution of the dismissed . . . charge." Harvey v. Waldron, 210 F.3d 1008, 1013 (9th Cir. 2000) (internal citation and quotation marks omitted).

With respect to the May 24, 2003 incident, plaintiff alleges that he was seized and arrested without probable cause and charged and prosecuted for criminal trespass as a result of Roach's false and fraudulent statements. Without question, plaintiff's claims implicate the validity of the criminal trespass II charge. Therefore, plaintiff's false arrest and malicious prosecution claims based on the events of May 24, 2003 did not accrue until dismissal of the charge on November 4, 2003.

With respect to the June 27, 2003 incident, plaintiff again alleges that he was arrested without probable cause and charged with contempt as a result of Roach's false and fraudulent statements. Thus, plaintiff's false arrest and malicious prosecution claims based on the events of June 27 did not accrue

until July 21, 2003, when no contempt order was issued.

Under Federal Rule of Civil Procedure (Rule) 3, an action in federal court commences upon the filing of the complaint in federal court. "Once a complaint is filed, the statute of limitations is tolled unless and until the district court dismisses the action." Mann v. American Airlines, 324 F.3d 1088, 1090 (9th Cir. 2003). Here, plaintiff filed his Complaint on May 19, 2005, within two years after accrual of his claims. Therefore, I find that plaintiff's § 1983 claims for false arrest and malicious prosecution are not time-barred.

Nevertheless, Roach relies on Rule 4(m) to argue that a case does not "commence" in federal court when the complaint is filed unless it is served on the defendant within 120 days. Roach argues that because plaintiff's Complaint was not served on Roach until on September 29, 2005, 133 days after his Complaint was filed, the statute of limitations has run on all claims, except that which accrued on November 4, 2003. I disagree.

Under Rule 4(m), if service is not effectuated within 120 days, a court may - after notice to the plaintiff - dismiss the action without prejudice or direct service to be effectuated within a certain time. Fed. R. Civ. P. 4(m). According to the Ninth Circuit, however, "the failure to serve process within Rule 4(m)'s 120-day period does not affect the tolling of the statute of limitations unless the failure to serve process causes the district

court to dismiss the action." Mann, 324 F.3d at 1091. Here, service was ultimately effectuated, and no notice was provided to plaintiff that such service was untimely. Moreover, had defendant filed a motion to dismiss for failure to serve within 120 days, the court would have allowed additional time for service, given plaintiff's *pro se* status. See id.[3]

Finally, Roach argues that plaintiff fails to state a claim for malicious prosecution with respect to the May 24, 2003 incident, because it was Amber Rice - rather than Roach - who initiated the criminal trespass charge against plaintiff. In support of this argument, Roach relies on Sarti's May 24, 2003 police report as referenced in the Complaint. See Affidavit of Stan LeGore, Ex. 2.

However, plaintiff alleges that defendant Roach and Sarti conspired to fabricate statements in their reports and falsely attributed statements to Heather and Amber Rice in furtherance of the criminal trespass charge against plaintiff. Such allegations may support a claim for malicious prosecution. See Awabdy v. City of Adelanto, 368 F.3d 1062, 1066-67 (9th Cir. 2004) (malicious prosecution claim may be brought against official who "knowingly

---

[3]Plaintiff also relies on Sorenson v. City of Portland, 2005 WL 525418 (D. Or. 2005). There, the defendant argued that service was untimely and that the case should be dismissed for improper service rather than on statute of limitations grounds. Id. *1. Moreover, in that case, service was effectuated within 120 days after the complaint was filed.

provided misinformation" to prosecutor or "otherwise engaged in wrongful or bad faith conduct that was actively instrumental in causing the initiation of legal proceedings"). Therefore, plaintiff adequately states a claim for malicious prosecution.

## CONCLUSION

Defendant Roach's Motion to Dismiss (doc. 10) is GRANTED as to plaintiff's state law claims, and DENIED in all other respects. Plaintiff's state law claims of malicious prosecution and false arrest asserted against defendant Terry Roach are DISMISSED.
IT IS SO ORDERED.

Dated this ___9___ day of January, 2006.


_____/s/ Ann Aiken_____
Ann Aiken
United States District Judge